# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **CAROLYN EDWARDS** | **CIVIL ACTION NO. 2:16-CV-0422** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **THE KROGER CO.** | **MAG. JUDGE KATHLEEN KAY** |

## RULING

Before the Court is a Motion for Summary Judgment filed by Defendant The Kroger Co. ("Kroger"), seeking dismissal of all claims by Plaintiff Carolyn Edwards ("Edwards"). [Doc. No. 12]. Edwards filed a response in opposition to the Motion for Summary Judgment, [Doc. No. 14], and Kroger filed a reply to the response, [Doc. No. 15].

For the following reasons, the Motion for Summary Judgment will be GRANTED.

## I.   FACTUAL AND PROCEDURAL HISTORY

This case involves a trip and fall at a grocery store. On November 17, 2014, Edwards and her son visited the Kroger store located at 600 12th Street in Lake Charles, Louisiana. [Doc. No. 12-4, para. 1; Doc. No. 12-2, pp. 14-15]. Edwards entered the store through the east entryway, [Doc. No. 12-2, pp. 16-17], crossing the rug located just inside the entrance. [Doc. No. 12-3, starting at timestamp 16:18:15 CST, Monday, November 17, 2014]. Edwards and her son shopped for thirty to forty-five minutes. [Doc. No. 12-2, p. 17]. When they finished their shopping, they began to exit the store using the same entryway as the one they used to enter. Id. at p. 16. Edwards' son was pushing the shopping cart, and Edwards was walking beside the cart. [Doc. No. 12-3, starting at time stamp 16:39:14 CST, Monday, November 17, 2014; Doc. No. 12-2, pp. 17-18]. As she was

approaching the doorway, Edwards claims that her foot got stuck under the rug, and she fell. [Doc. No. 12-2, pp. 17-18]. Edwards stated that she did not look at the rug when she entered the store, nor as she was leaving. Id. at pp. 16, 18-19. As a result of the fall, Edwards suffered injuries to her face, head, neck, shoulders, back, torso, and right knee. [Doc. No. 1-2, p. 1].

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only when it might affect the outcome of the suit under the governing law, and a fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of showing that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After such a showing, the burden shifts to the non-movant to show that there is a genuine factual issue for trial by citing specific evidence in the record, beyond the pleadings, that supports its assertions that a material fact is genuinely in dispute. *Id.* at 324; *see also Diaz v. Kaplan Higher Educ., L.L.C.*, 820 F.3d 172, 176 (5th Cir. 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Sec. & Exch. Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)). The

Court will construe all evidence in the light most favorable to the nonmoving party, but will not presume the existence of evidence not presented. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Choice of Law**

Edwards brings claims of negligence under Louisiana tort law. This Court has subject matter jurisdiction based on the diversity of citizenship of the parties and the amount in controversy. See [Doc. No. 1]. As this is a diversity action brought within the state of Louisiana, the Court must apply Louisiana's choice-of-law rules. *See Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The Louisiana Civil Code provides a specific choice-of-law selection rule for "[i]ssues pertaining to standards of conduct and safety." LA. CIV. CODE ART. 3543. Those issues "are governed by the law of the state in which the conduct that caused the injury occurred." *Id.* Furthermore, if "both the conduct and the injury occur [in the same state, that state] has the best, if not the exclusive, claim for applying its law." *Id. cmt d.* Because both the injury and the alleged conduct occurred in Louisiana, the Court applies Louisiana law in considering this Motion for Summary Judgment.

**C.     Merchant Liability**

Louisiana Revised Statute 9:2800.6 governs claims of negligence brought against a merchant. This statute states:

> B.     In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> 1.     The condition presented an unreasonable risk of harm

> to the claimant and that risk of harm was reasonably foreseeable.
>
> 2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> 3. The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

LA. REV. STAT. 9:2800.6(B). The statute defines "constructive notice" to mean that:

> the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

LA. REV. STAT. 9:2800.6(C)(1).

Thus, it is the plaintiff's burden to prove all three elements set forth in Louisiana Revised Statute 9:2800.6(B). *Allen v. Wal-Mart Stores, Inc.*, 37,352-CA, p. 4 (La. App. 2 Cir. 6/25/03); 850 So.2d 895, 897. Constructive notice may not be inferred without a showing that the condition existed for some period of time prior to the fall. *White v. Wal-Mart Stores, Inc.,* 97-C-0393, p. 4 (La. 9/9/97); 699 So.2d 1081, 1084. Necessarily, the claimant must make a positive showing of the existence of the condition prior to the fall and that it existed for some period of time. *Id*. A "defendant need not come forward with positive evidence of the absence" of the condition. *Id.* at p. 6; 1086.

### 1. Did the condition present an unreasonable risk of harm?

Under the first element of Louisiana Revised Statute 9:2800.6(B), Edwards has the burden of proving that the condition of the rug presented an unreasonable risk of harm. In its Motion for

Summary Judgment, Kroger claims there is no evidence in the record showing that the rug at issue presented an unreasonable risk of harm. [Doc. No. 12-1, p. 6]. Kroger relies on Edwards' deposition testimony that she did not look at the rug before or after she fell to see how the rug was situated. Id. at p. 7. In response, Edwards claims that her deposition testimony, in which she stated that her foot caught under the rug, is sufficient evidence that the condition of the rug presented an unreasonable risk of harm because Kroger has not challenged Edwards' credibility, nor produced another plausible version. [Doc. No. 14, p. 6] (relying on *Molaison v. West Bros. of Thibodaux, La., Inc.*, 10896 (La. App. 1 Cir. 9/20/76); 338 So.2d 726). Edwards also relies on Louisiana case law which held that a plaintiff's testimony that her foot caught under the rug provided a fair inference that the rug was not lying flat. Id. (citing *Weaver v. Winn-Dixie of La, Inc.*, 12362 (La. App. 4 Cir. 11/30/81); 406 So.2d 792).

Edwards' reliance is misplaced. Under the standard described above, it is not the burden of the defendant to produce a "plausible version" of events, nor does an inference substitute for factual evidence. The case law cited by the plaintiff predates the 1990 amendment of Louisiana Revised Statute 9:2800.6. This amendment introduced three elements for which the plaintiff had the burden of proof in order to prevail on a claim against a merchant. *See* 1990 La. Acts no. 1025. The Louisiana Supreme Court made clear in *White v. Wal-Mart Stores, Inc.*, that the plaintiff has the burden of positively showing the existence of the condition which presented an unreasonable risk of harm. 97-C-0393 at p. 4; 699 So.2d at 1084. The only evidence Edwards cites in regard to the condition of the mat on the day of the accident is the affidavit of a witness who saw Edwards on the floor after her fall and who observed that there was a crease in the rug. [Doc. No. 14, pp. 2, 3, 6; Doc. No. 14-4]. Louisiana and federal courts applying Louisiana Revised Statute 9:2800.6 have held that a

5

plaintiff who claims that she fell due to a condition of a rug or mat must provide proof that the condition existed prior to the fall; the condition of the mat observed after the fall does not provide proof of the condition of the mat before the fall. *See Rhodes v. Whataburger Restaurants, LP*, No. 11-0552, 2012 WL 1100671, at *5 (W.D. La. Apr. 2, 2012) (finding that evidence presented showing the condition of the mat after the fall, including testimony of "visible ripples" seen immediately after the fall, were insufficient to prove that the mat presented an unreasonable risk of harm) (citations omitted); *Attaway v. Albertsons Inc.*, 174 Fed. App'x 240, 242 (5th Cir. 2006) ("Attaway admitted in her deposition that she never saw a wrinkle or fold in the mat, either before or after she fell. Furthermore, Attaway did not provide any evidence that anyone else had seen the alleged wrinkle or fold in the mat."); *Bonstell v. Brookshire Grocery Co.*, 09-154, pp. 4-5 (La. App. 3 Cir. 6/3/09); 15 So.3d 1112, 1115 ("Our review of the record reveals a lack of evidentiary support for any of the elements listed in La. R.S. 9:2800.6….[T]here was no evidence that [the rug] was wrinkled or folded as to create an unreasonable risk of harm. While Edwards' deposition and trial testimony revealed that she tripped on the rug, we note that she testified that she did not see the rug until after she fell. Further, she did not know if it was disturbed at all prior to her fall or, if it was wrinkled, how long it had been that way. Accordingly, there was no indication that the presence of the rug…posed an unreasonable risk of harm."); *Jones v. Brookshire Grocery Co.*, 37,117-CA, p. 10 (La. App. 2 Cir. 5/14/03); 847 So.2d 43, 50 (finding that the plaintiff did not provide sufficient evidence that a wrinkle existed in the mat prior to her fall because there was no evidence presented that anyone saw a wrinkle prior to her fall, even though the plaintiff testified that she noticed her foot was caught beneath the mat after her fall). Edwards has not cited any other evidence showing the condition of the rug on the day of, and prior to, her fall. Consequently, Edwards' claim fails under the first

6

element of Louisiana Revised Statute 9:2800.6(B).

>    2.   **Did Kroger create the alleged condition of the rug or have actual or constructive notice of the condition?**

Under the second element, Edwards has the burden of proving that Kroger either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. Kroger claims there is no evidence in the record to suggest that Kroger created or had actual notice of an alleged dangerous condition of the rug prior to Edwards' fall, particularly since the record does not show that such a condition existed. [Doc. No. 12-1, p. 7-8]. Kroger also claims that Edwards cannot prove that Kroger had constructive notice of the alleged condition prior to her fall. *Id.* Kroger relies on Edwards' deposition testimony in which she stated that she did not see the condition of the rug at any point prior to or after her fall and has not subsequently learned whether anyone else had noticed the condition of the rug prior to her fall that day. *Id.* at p. 11. Thus, Kroger contends that no evidence shows that a defective condition existed for such a period of time to constitute constructive notice. *Id.* Edwards argues that Kroger was notified about a crease in the rug by Erin Alley several days prior to Edwards' fall and that Ms. Alley noticed a crease in the rug "at the time of Ms. Edwards' fall." [Doc. No. 14, p. 6].

The observations of Ms. Alley do not provide sufficient evidence that Kroger had constructive notice of the alleged condition in the rug. Ms. Alley's affidavit does not state that she saw the condition of the rug before Edwards' fall. [Doc. No. 14-4]. Ms. Alley also could not have seen the condition of the rug "at the time of Ms. Edwards' fall," since she did not witness the fall. Thus, Edwards has not provided evidence that Ms. Alley saw the condition of the rug before Edwards' fall on that day.

Further, Ms. Alley's observation of the rug several days before the accident is too attenuated. The rug is located at the entranceway of the store, and patrons must cross it when entering and exiting, often pushing shopping carts. Indeed, in the thirty minutes leading up to Edwards' fall, video surveillance of the entranceway shows numerous patrons entering and exiting, crossing the rug over one hundred times, some pushing shopping carts. [Doc. No. 12-3]. Ms. Alley's observation of a crease in a rug at a high-traffic entranceway days before Edwards' fall does not provide evidence of the condition of the rug at the time of the fall. Although Edwards implies that investigations into the condition of the rug had been conducted on her behalf, she has provided no evidence that, on the day of, and prior to, her accident, Kroger either created or had actual or constructive notice of a condition in the rug that caused her to fall. Thus, Edwards has not carried her burden as to the second element of Louisiana Revised Statute 9:2800.6(B).

Based on the lack of evidentiary support that a condition in the rug existed that presented an unreasonable risk of harm and that Kroger either created or had actual or constructive notice of the alleged condition, the Court finds there is no genuine dispute as to any material fact, and Kroger is entitled to judgment as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Kroger's Motion for Summary Judgment will be GRANTED, and Edwards' claims against Kroger will be DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 25th day of May, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE